```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

TERRY HAYNES #20090051050,       )
                                 )
               Plaintiff,        )
                                 )
     v.                          )    No.  10 C 1745
                                 )
COOK COUNTY SHERIFF TOM DART,    )
                                 )
               Defendant.        )
```

                         MEMORANDUM ORDER

Terry Haynes ("Haynes") has filed a 42 U.S.C. §1983[1] Complaint against Cook County Sheriff Thomas Dart, accompanying the Complaint with an In Forma Pauperis Application ("Application").  Both documents have used the printed forms provided by this District Court's Clerk's Office, with Haynes having filled in the information called for by each form. Although more than one problem posed by the Complaint calls for its threshold dismissal and the dismissal of this action, this memorandum order first addresses the Application in terms of the requirements imposed by 28 U.S.C. §1915 ("Section 1915"[2]).

Because Haynes' Application was accompanied by a printout of his trust fund account at the Cook County Department of Corrections ("County Jail") that did not cover the entire six-

---

[1] All further references to Title 42's provisions will simply take the form "Section--."

[2] Because none of the relevant provisions of Title 42 bears the same "1915" number, no confusion should be created by this order's dual usage of the term "Section."

month period specified in Section 1915(a)(2), this Court's minute clerk obtained the appropriate information by a request to the Trust Supervisor at the County Jail.  That expanded printout reflected average monthly deposits to Haynes' account there of $66.67 during the six-month period, so that Haynes' required initial partial filing fee--20% of that amount (Section 1915(b)(1))--came to $13.33.

Accordingly Haynes is assessed that initial fee of $13.33, and the County Jail trust fund officer is ordered to collect that amount from Haynes' trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention:  Fiscal Department

Both the initial payment and all future payments shall clearly identify Haynes' name and the 10 C 1745 case number assigned to this action.  To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

After such initial payment, the trust fund officer at any correctional facility where Haynes is now or may hereafter be confined is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time

the amount in the account exceeds $10 until the full $350 filing fee is paid.

To turn to the Complaint itself, Haynes tries to lay blame for the degree of medical attention he received (or did not receive) at the County Jail on Sheriff Dart. But that effort does not meet the "plausibility" standard added by the <u>Twombly-Iqbal</u> dichotomy to what is set out in <u>Monell v. Dep't of Social Servs. of City of New York</u>, 436 U.S. 658, 691 (1978) as required to impose potential Section 1983 liability on Sheriff Dart (who stands in an overseer relationship to the medical personnel at the County Jail that is comparable to the relationship that any municipality bears to its personnel who may infringe someone's constitutional rights.

Hence Haynes' Complaint against Sheriff Dart fails on the merits. And that is so even apart from the question whether Haynes has stated a sustainable claim in substantive terms under the standards of <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976) as applicable to pretrial detainees (a question this Court need not decide).

Moreover, the form of grievance that Haynes has attached to the Complaint poses a question as to whether he has satisfied the Section 1997e(a) requirement of exhaustion of administrative remedies that Congress has made a precondition to the filing of any such lawsuit by a person in custody. But it is unnecessary

to resolve that matter, for what has been said earlier calls for dismissal of the Complaint and this action in any event. This Court so orders, but it should be understood that Haynes remains liable for the entire $350 filing fee.[3]

                                          _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date:  March 29, 2010

---

[3] This dismissal is a "strike" for purposes of Section 1915(g).